UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIDA R. GIL,

                         Plaintiff,

              -against-                              25-CV-7122 (GBD)

AZOULAY WEISS LAW FIRM; OUZY              ORDER OF DISMISSAL
AZOULAY, ESQ.; EDWARD WEISS, ESQ.;
JOSHUA ZUKOFSKY, ESQ.; JUDAH
HYMAN, ESQ.; JOLIE KATZ, ESQ.,

                         Defendants.

GEORGE B. DANIELS, United States District Judge:

Plaintiff filed this *pro se* amended complaint alleging that Defendants violated her rights under the Fair Housing Act, 42 U.S.C. § 3604(f) ("FHA"). By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the amended complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that she suffers from a disability that causes her to experience difficulty breathing. (ECF 1 at 2.) Between 2023 and 2025, she was involved in housing court litigation in Manhattan against her landlord, who was represented by the law firm and attorneys named as Defendants in this matter. During the housing court proceedings, Plaintiff made requests to her landlord for remediation and reasonable accommodations, including extermination and other efforts to address a mouse infestation that exacerbated her condition. (*Id.* at 3-4.) Defendants allegedly engaged in misconduct that interfered with these requests. According to Plaintiff, Defendants tried to coerce her into signing a stipulation that "would have required her to waive her right to full remediation

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

of habitability issues" in her apartment. (*Id.* at 3.) Plaintiff asserts that Defendants' conduct constitutes discrimination, retaliation, and interference under the FHA. She seeks declaratory and injunctive relief and money damages. (*Id.* at 8-9.)

## DISCUSSION

### A.   FHA claims

The FHA "broadly prohibits discrimination in housing," *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979), based on an individual's race, color, religion, sex, familial status, national origin, or disability, 42 U.S.C. § 3604(a), (f)(1). Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that (1) she is a member of a class of individuals protected under the FHA; (2) she suffered "adverse treatment"; and (3) the defendant discriminated against her based on her protected classification. *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks omitted)).

Here, Plaintiff's FHA claims rest on attorney conduct occurring during housing court litigation. During that litigation, Plaintiff alleged that her landlord discriminated against her because of a disability. In those state court proceedings, Plaintiff claimed violations of the FHA against her landlord. However, Plaintiff in this complaint alleges no facts to support her contention that these attorney Defendants took adverse action against her with respect to housing based on a disability.[2] The Court therefore dismisses any claims Plaintiff is asserting under the FHA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff has a separate pending FHA matter in this court against her landlord. *See Gil v. 605 W. 42nd Owner LLC*, 1:25-CV-5396 (MKV) (S.D.N.Y. filed June 30 2025).

3

**B.    State-law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction of any state-law claims Plaintiff is asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:    **MAY 1 1 2026**
New York, New York

_____
GEORGE B. DANIELS
United States District Judge

5